**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| RODRICK GOLDSBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-4313-CV-C-___ |
| | ) | |
| R. TROY BARTON, D.O., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA (as the real party | ) | |
| in interest of Richland Medical Center, Inc., d/b/a | ) | |
| Central Ozarks Medical Center  and of R. Troy | ) | |
| Barton, D.O. [for his actions or conduct between | ) | |
| November 16, 2009, and May 27, 2010]), | ) | |
| | ) | |
| Defendants. | ) | |

# NOTICE OF REMOVAL TO
# FEDERAL COURT

Under the authority of the Attorney General of the United States and pursuant to 42 U.S.C.§ 233(c), 28 U.S.C. § 1446, 2679(d)(2), the United States of America, as the real party in interest of the named defendants Richland Medical Center, Inc., d/b/a Central Ozarks Medical Center ("COMC"), and R. Troy Barton, D.O. [for his actions or conduct between November 16, 2009, and May 27, 2010], respectfully notifies the United States District Court for the Western District of Missouri, Central Division, as follows:

1.      On or about July 17, 2012, plaintiff Rodrick Goldsberry ("Goldsberry") filed a PETITION FOR DAMAGES in the Circuit Court of Camden County, Missouri, commencing a civil action for medical malpractice against COMC and Dr. Barton, *Rodrick Goldsberry v. R. Troy Barton, D.O., et al.*, Case No. 12CM-CC00196 ("the State Court Action").  A copy of Goldsberry's PETITION FOR DAMAGES and the other pleadings filed to date in the State Court Action are attached hereto as **EXHIBIT A.**

2.      In his PETITION FOR DAMAGES, Goldsberry alleges that Dr. Barton and/or COMC failed to properly diagnose and medically treat Goldsberry between October 20, 2009, and October 27, 2010.

3.      Since January 1, 2008, COMC has been and continues to be a federally supported health center which has been deemed to be a "federal employee" of the Public Health Service, an agency of the United States, by the Department of Health and Human Resources ("HHS") pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(a)-(n).

4.      From November 16, 2009 until May 27, 2010, Dr. Barton was an employee of COMC and, thus, deemed to be a "federal employee" of the Public Health Service, an agency of the United States, by HHS, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(a)-(n), during that relevant timeframe.

5.      Section 233(a) of the Federally Supported Health Centers Assistance Act provides liability protection for covered entities (*i.e.*, deemed "federal employees" of the Public Health Service) under the Federal Tort Claims Act ("FTCA") for any and all claims of damages for personal injury or death resulting from the performance of medical, surgical, dental, and related health care functions. Coverage under the FTCA is <u>exclusive</u> of any other civil action or proceeding against a covered entity.  42 U.S.C. § 233(a).

6.      HHS has formally requested that the Department of Justice defend the interests of COMC (as a grantee of HHS) and to defend the interests of Dr. Barton (for the period of time of his employment with COMC) in Goldsberry's lawsuit.  Included in that request and attached hereto as **EXHIBIT B** is the Declaration of William A. Biglow, the Acting Deputy Associate General Counsel with the HHS-OGC, identifying the documentation establishing the "federal employee" status of COMC (since January 1, 2008) and of Dr. Barton (from November 16, 2009, until May 27, 2010).

2

7.     On December 11, 2012, the Acting United States Attorney for the Western District of Missouri, pursuant to 28 U.S.C. § 2679(d)(2) and the authority delegated to him by the Assistant Attorney General in the Appendix to 28 C.F.R. § 15.3, certified that COMC and Dr. Barton (from November 16, 2009, until May 27, 2010) were acting in the scope of their federal employment during the relevant events alleged in the State Court Action.

8.     Inasmuch as, that at times relevant to the allegations raised in the State Court Action, the actions and conduct of Dr. Barton[1] and COMC occurred within the scope and course of their employment as employees of the United States, Goldsberry's some of the state law tort claims against them are cognizable, if at all, <u>only</u> under the FTCA, 28 U.S.C. §§ 1346, *et seq*. *Brown v. Armstrong*, 949 F.2d 1007, 1010 (8th Cir. 1991) ("the FTCA is an exclusive remedy for torts committed by federal employees acting within the scope of their employment").

9.     As such, the State Court Action lies within the <u>exclusive</u> jurisdiction of the federal district courts, 28 U.S.C. §§ 1346(a)(2), 1346 (b)(1), and is immediately removable to the federal district courts.  28 U.S.C. § 1442(a)(1).

---

[1]     The PETITION FOR DAMAGES alleges that Goldsberry received negligent medical treatment or care both before and after Dr. Barton's employment with COMC.  To the extent that Goldsberry received medical treatment or care from Dr. Barton before November 16, 2009, or after May 27, 2010, then any causes of action or claims arising from such medical care and treatment that are asserted against Dr. Barton are <u>not</u> covered by the FTCA and <u>not</u> the legal responsibility of COMC or the United States.  To be clear, in this case, the United States is the real party in interest – and the FTCA is the exclusive remedy – for all medical malpractice claims asserted by Goldsberry:

> (a)     against COMC for any of its actions and conduct after January 1, 2008, and

> (b)     against Dr. Barton for any of his actions or conduct between November 16, 2009, and May 27, 2010.

Any pre-November 16, 2009 or post-May 27, 2010 claims against Dr. Barton by Goldsberry are assertable, if at all, only against Dr. Barton personally or against other entities not a party to this litigation.

10. Accordingly, pursuant to 28 U.S.C. §§ 1441, 1442 and 1446, this case is hereby removed to the United States District Court for the Western District of Missouri and said Court now has jurisdiction over this action.

11. Furthermore, inasmuch as the State Court Action was filed in Camden County, Missouri, this case must be removed to the Central Division of the United States District Court for the Western District of Missouri. 28 U.S.C. §§ 105(b)(4), 1446(a).

12. A copy of a WRITTEN NOTICE OF FILING OF REMOVAL, directed to the state court and counsel for Goldsberry is attached as **EXHIBIT C**. The WRITTEN NOTICE OF FILING OF REMOVAL will be fax-filed promptly with the state court after the filing of this pleading.

WHEREFORE, the United States of America, as the real party in interest of the named defendants Richland Medical Center, Inc., d/b/a Central Ozarks Medical Center, and R. Troy Barton, D.O. [for his actions or conduct between November 16, 2009, and May 27, 2010], requests that the United States District Court for the Western District of Missouri, Central Division, forthwith assume full jurisdiction over the cause as provided by law.

Respectfully submitted,

David M. Ketchmark
Acting United States Attorney

By      */s/ Jeffrey P. Ray*

Jeffrey P. Ray
Deputy United States Attorney
Missouri Bar No. 35632

Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, MO 64106
(816) 426-4300
FAX: (816) 426-3165
E-MAIL: jeffrey.ray@usdoj.gov

ATTORNEYS FOR THE UNITED STATES OF
AMERICA (as the real party in interest of R. Troy
Barton, D.O., [2] and Richland Medical Center, Inc.,
d/b/a Central Ozarks Medical Center)

---

[2]      For Dr. Barton's actions or conduct between November 16, 2009, and May 27,
2010.

## CERTIFICATE OF SERVICE

The undersigned Deputy United States Attorney hereby certifies that a true and correct copy of the foregoing **NOTICE OF REMOVAL TO FEDERAL COURT** was electronically filed with the Clerk of the Court using the CM/ECF system on this 11th day of December, 2012, which then notification to:

Timothy M. McDuffey
McDUFFEY LAW FIRM, LLC
5754 Parkside Village Court
P.O. Box 368
Osage Beach, Missouri 65065
tim@mcduffeylaw.com

ATTORNEYS FOR PLAINTIFF
RODRICK GOLDSBERRY

on this 11th day of December, 2012. In addition, a true and correct copy of this **NOTICE OF REMOVAL TO FEDERAL COURT** was placed in the United States mail, first class, postage prepaid, and addressed to following non-CM/ECF participant:

R. Troy Barton, D.O.
3187 Country Road 5500
Willow Springs, Missouri 65793-9125
*{last known address}*

on this 11th day of December, 2012. The original of this **NOTICE OF REMOVAL TO FEDERAL COURT** will be maintained by the undersigned Deputy United States Attorney.

/s/ Jeffrey P. Ray
Jeffrey P. Ray
Deputy United States Attorney