

## IN THE 26TH JUDICIAL CIRCUIT COURT, CAMDEN COUNTY, MISSOURI

| Judge or Division: | Case Number: 12CM-CC00196 |
|---|---|
| Plaintiff/Petitioner:<br>RODRICK GOLDSBERRY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>TIMOTHY MICHAEL MCDUFFEY<br>5754 PARKSIDE VILLAGE COURT<br>P O BOX 368<br>OSAGE BEACH, MO 65065 |
| Defendant/Respondent:<br>R TROY BARTON DO | Court Address:<br>CAMDEN COUNTY COURTHOUSE<br>1 COURT CIRCLE, STE 8<br>CAMDENTON, MO 65020 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to: RICHLAND MEDICAL CENTER INC
Alias:
304 W WASHINGTON AVE
RICHLAND, MO 65556

*COURT SEAL OF CAMDEN COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_7-17-12_ Date  _[signature]_ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server   _____ Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
(Seal) Subscribed and sworn to before me on _____ (date).
My commission expires: _____ Date   _____ Notary Public

**Sheriff's Fees**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $_____ (_____ miles @ $_____ per mile)
Total $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI

| | |
|---|---|
| RODRICK GOLDSBERRY, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Case No.: 12CM-CC00196 |
| ) | |
| R. TROY BARTON, D.O., ) | |
| ) | |
| Serve at: ) | |
| Richland Medical Center, Inc. ) | |
| a/k/a Central Ozarks Medical Center ) | |
| 304 West Washington Ave. ) | |
| Richland, Missouri 65556 ) | |
| ) | |
| AND ) | |
| ) | |
| RICHLAND MEDICAL CENTER, INC., ) | |
| ) | |
| Serve at: ) | |
| 304 West Washington Ave. ) | |
| Richland, Missouri 65556 ) | |
| ) | |
| Defendants. ) | |

*FILED JUL 17 2012 JO McELWEE CIRCUIT CLERK*

### PLAINTIFF'S PETITION FOR DAMAGES

**COMES NOW**, Plaintiff Roderick Goldsberry, by and through his attorneys of record and for his cause of action against the Defendants alleges and states as follows:

#### PLAINTIFF

1. Plaintiff is an individual citizen and resident of Camden County, Missouri.

#### DEFENDANT

2. Defendant R. Troy Barton, D.O., hereinafter sometimes referred to as Defendant Barton, is and was at all relevant times herein, a licensed physician, and was charged with responsibility for providing care and treatment to Plaintiff, Rodrick

Goldsberry, and said Defendant Barton did, in fact, provide such treatment to Plaintiff, as hereinafter described.

3. Defendant Richland Medical Center, Inc. is a Missouri corporation doing business under the fictitious name of Central Ozarks Medical Center and at all times hereinafter mentioned was engaged in providing medical services.

4. At all times hereinafter mentioned, Defendant Barton was acting within the course and scope of his agency/employment with Defendant Richland Medical Center, Inc. and as such, rendered Defendant Richland Medical Center, Inc. liable for the acts of negligence of said agent, servant and/or employee upon the theory of agency and/or of respondeat superior.

## JURISDICTION AND VENUE

5. That the acts hereinafter mentioned giving rise to these causes of action all took place in Camden County, Missouri; that the causes of action alleged are torts; that the amount claimed by Plaintiff is in excess of $25,000.00; and that pursuant to §506.500 and §509.010(6) RSMo., this Court has jurisdiction and venue, respectively, in this case.

## FACTS OF THE OCCURRENCE

6. That on or about October 20, 2009, the Plaintiff saw Defendant Barton at his office located in Richland, Camden County, Missouri for pain he was having in his arms and shoulders. Defendant diagnosed, among other things, neuropathy of the upper

extremities, posthepatic neuralgia, cervical radiculopathy and inflammatory joint disease. Defendant started Plaintiff on Prednisone tapering dose over two weeks.

7. That on or about November 3, 2009, the Plaintiff returned to Defendant Barton for recheck of his chronic pain and weakness. At this time, Defendant Barton diagnosed chronic pain syndrome with weakness with polymyalgia rheumatica.

8. That on or about November 10, 2009, the Plaintiff returned to Defendant Barton for recheck of his chronic pain and weakness. Again Defendant diagnosed possible muscle weakness with chronic pain syndrome/polymyalgia rheumatica.

9. That on or about November 25, 2009, the Plaintiff returned to Defendant Barton for recheck of his chronic pain and weakness.

10. That on or about December 9, 2009, the Plaintiff returned to Defendant Barton for recheck of his chronic pain and weakness. Again Defendant Barton diagnosed possible muscle weakness with chronic pain syndrome/polymyalgia rheumatica. Though not in the chart, Defendant Barton prescribed high dose prednisone to Plaintiff.

11. That on or about December 23, 2009, the Plaintiff returned to Defendant Barton for recheck of his chronic pain and weakness. Defendant Barton diagnosed Plaintiff with polymyalgia rheumatica. Though not in the chart, Defendant Barton prescribed high dose prednisone to Plaintiff.

12. That on or about January 4, 2010, the Plaintiff returned to Defendant Barton for recheck of his chronic pain and weakness. Defendant Barton diagnosed Plaintiff with polymyalgia rheumatica. Defendant Barton continued Plaintiff on high dose Prednisone.

13. Defendant Barton continued to see Plaintiff at the Central Ozarks Medical Center in Richland and Osage Beach, Camden County Missouri and continued to prescribe Plaintiff high dose Prednisone through October 27, 2010 for treatment of polymyalgia rheumatica.

14. That thereafter, Plaintiff was evaluated by other physicians and was advised that Defendant Barton misdiagnosed the Plaintiff with polymyalgia rheumatica.

15. That the high dose Prednisone prescribed by Defendant Barton was not needed, and not stopped and as a result, Plaintiff developed suppression of his adrenal axis causing his body not to make any of its own cortisone like hormones and, further caused Plaintiff to develop myopathy and muscle wasting.

16. Plaintiff allowed Defendant Barton to act as a Health Care Provider in caring for Plaintiff and to evaluate, diagnose and treat his condition until October 27, 2010.

17. That the various and sundry treatment, advice, and counsel and prescription of medication rendered by Defendant Barton to Plaintiff as aforementioned, were careless and negligent in any of the following respects, or all of the following respects, to-wit:

    a. Defendant Barton failed to properly evaluate and diagnose Plaintiff's condition, arriving at a diagnosis of polymyalgia rheumatica when in fact his blood work showed he did not have the condition;

    b. Defendant Barton unnecessarily prescribed high dose Prednisone for Plaintiff;

    c. Defendant Barton failed to properly chart Plaintiff's use of Prednisone;

4

d. Defendant Barton failed to taper and stop Plaintiff's use of Prednisone after it became apparent Plaintiff was not responding to the Prednisone use;

e. Defendant Barton failed to properly monitor Plaintiff's condition and use of medication;

f. Defendant Barton was under the influence of alcohol, illegally obtained prescription medication and other substances which affected his judgment and treatment of Plaintiff;

g. That the Defendant Barton failed to properly advise the Plaintiff about his medical condition, did not get a complied consent for treatment of the mis-diagnosis of polymyalgia rheumatica, thus, depriving him the opportunity to make an informed consent regarding the treatment that was to be provided by the Defendant Barton;

h. That the Defendant Barton failed to exercise that degree of skill and learning normally exercised by members of Defendant Barton's profession in attempting to treat and diagnose Plaintiff Rodrick Goldberry's condition; and

i. That Defendant Barton was further negligent in various and sundry other respects that are presently unknown to Plaintiff, but that Plaintiff verily believes will be revealed during the discovery process.

18. That as a direct and proximate result of the carelessness and negligence of Defendant Barton as aforementioned, Plaintiff received the following severe permanent and progressive injuries to-wit:

5

a. That Plaintiff has been required to have additional treatment to correct the damage caused by the Defendant Barton, and will require additional treatment and surgery in the future;

b. That the Plaintiff has been caused permanent disability and has moon face, weakness to his adrenal axis and the bones of his body, including increase risk to develop avascular necrosis in all weight bearing joints;

c. That the Plaintiff has experienced, continued to experience and will in the future experience mental and physical pain and suffering and mental anguish;

d. That Plaintiff has in the past and will in the future experience loss of life's enjoyments;

e. That Plaintiff has in the past and will in the future continue to incur substantial medical, hospital, and prescriptive expenses for treatment of his condition, the exact amount of which is not known to Plaintiff at the present time;

19. As a result of the foregoing injuries, all of which were a direct and proximate result of the negligence of Defendant Barton, as aforementioned, Plaintiff has been damaged, and that Plaintiff's damages exceed the sum of Twenty-five Thousand Dollars ($25,000.00) in this matter.

**WHEREFORE**, Plaintiff, Rodrick Goldsberry prays for judgment against Defendants jointly and severally for his actual damages in whatever amounts are fair and reasonable as determined by either the Court or Jury, including those damages permitted by law; for Plaintiff's costs herein expended and incurred; and for such further relief as the Court deems just and proper under the premises.

McDUFFEY LAW FIRM, L.L.C.

BY: _____
Timothy M. McDuffey, Mo. Bar #44189
Attorneys at Law
5754 Parkside Village Court
P.O. Box 368
Osage Beach, MO   65065
Phone:  (573) 302-7211
Fax:  (573) 302-7215
Email:  tim@mcduffeylaw.com

ATTORNEYS FOR PLAINTIFF

7

IN THE CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI

RODRICK GOLDSBERRY,

    *Plaintiff,*

v.

R. TROY BARTON, D.O.,

and

RICHLAND MEDICAL CENTER, INC.

    *Defendants.*

Case No. 12CM-CC00196

## ENTRY OF APPEARANCE

Please enter the appearance of Bradley R. Gardner of the law firm SEIGFREID BINGHAM, PC, 2800 Commerce Tower, 911 Main Street, Kansas City, Missouri, 64105, as counsel for Richland Medical Center, Inc.

    Respectfully submitted,

    SEIGFREID BINGHAM, PC

    *Attorneys for Richland Medical Center, Inc.*

    By: /s/ Bradley R. Gardner
    Bradley R. Gardner (64478)
    bgardner@sblsg.com
    2800 Commerce Tower
    911 Main Street
    Kansas City, Missouri 64105
    T: (816) 421-4460
    F: (816) 474-3447

## Certificate of Service

On September 11, 2012, a copy of this entry was sent by e-mail to Timothy M. McDuffey, attorney for Plaintiff, at tim@mcduffeylaw.com.

    By: /s/
    Attorney for Defendants

712018v1

**EXHIBIT A -- State Court File**

IN THE CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI

RODRICK GOLDSBERRY,

    *Plaintiff*,

v.

R. TROY BARTON, D.O.,

and

RICHLAND MEDICAL CENTER, INC.

    *Defendants.*

Case No. 12CM-CC00196

## MOTION FOR EXTENSION OF TIME TO ANSWER

Pursuant to Rule 44.01(b) of the Missouri Rules of Civil Procedure, Defendant Richland Medical Center, Inc. (Richland) moves this court to extend its time to answer or otherwise plead by 60 days, from September 13, 2012 until November 12, 2012.

Defendant was served with the Petition in this case on August 13, 2012 and simply requires more time to analyze and prepare a response to the Petition. Additionally, pressing business concerns on the part of both Richland and its counsel necessitate and justify the requested additional time. Defendant has attempted to contact Plaintiff's counsel several times via telephone, including on the day of this filing, to request consent to this Motion, but has been unable to reach Mr. McDuffey. This Motion is not made for the purpose of delay and granting it will not cause prejudice to any party.

Respectfully submitted,

SEIGFREID BINGHAM, PC

*Attorneys for Richland Medical Center, Inc.*

By: _____
Bradley R. Gardner (64478)
bgardner@sblsg.com
2800 Commerce Tower
911 Main Street
Kansas City, Missouri 64105
T: (816) 421-4460
F: (816) 474-3447

## Certificate of Service

On September 11, 2012, a copy of this entry was sent by e-mail to Timothy M. McDuffey, attorney for Plaintiff, at tim@mcduffeylaw.com.

By: _____
Attorney for Richland Medical Center, Inc.

IN THE CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI

| | |
|---|---|
| RODRICK GOLDSBERRY,<br><br>   *Plaintiff,*<br>v.<br><br>R. TROY BARTON, D.O.,<br><br>and<br><br>RICHLAND MEDICAL CENTER, INC.<br><br>   *Defendants.* | Case No. 12CM-CC00196<br>Division 2 |

## NOTICE OF HEARING

Please take notice that Defendants' Motion for Extension of Time to Answer will be heard on November 14, 2012, at 9:00 AM, before the Honorable Kenneth M. Hayden, in Division 2 of the Camden County Courthouse, 1 Court Circle, Camdenton, Missouri, 65020.

Respectfully submitted,

SEIGFREID BINGHAM, PC

*Attorneys for Richland Medical Center, Inc.*

By: _____
Bradley R. Gardner (64478)
bgardner@sblsg.com
2800 Commerce Tower
911 Main Street
Kansas City, Missouri 64105
T: (816) 421-4460
F: (816) 474-3447

## Certificate of Service

On November 1, 2012, a copy of this notice was sent by e-mail to Timothy M. McDuffey, attorney for Plaintiff, at tim@mcduffeylaw.com.

By: _____
Attorney for Richland Medical Center, Inc.

**EXHIBIT A -- State Court File**

IN THE CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI

RODRICK GOLDSBERRY,

    *Plaintiff,*

v.

R. TROY BARTON, D.O.,

and

RICHLAND MEDICAL CENTER, INC.

    *Defendants.*

Case No. 12CM-CC00196

FILED
NOV - 1 2012
JO McELWEE
CIRCUIT CLERK

### AGREED ORDER

NOW ON THIS 1st day of ~~October~~ November, 2012, this matter comes before the Court for an Order Sustaining Defendants' Motion for Extension of Time to Answer from September 13, 2012 until November 12, 2012.

After being duly advised in the premises, and by agreement of all parties, the Court finds that no parties will be prejudice by the granting of this Order.

IT IS THEREFORE ORDERED THAT defendants shall have until November 12, 2012 to file their Answer to the Petition.

IT IS SO ORDERED.

                                                          ~~District Judge~~ Circuit Judge

11-1-12
Date

724688v1

1

EXHIBIT A -- State Court File

AGREED:

SEIGFREID BINGHAM, PC

By: _____
Bradley R. Gardner (64478)
bgardner@sblsg.com

*Attorneys for Richland Medical Center, Inc.*

MCDUFFEY LAW FIRM

By: _____
Timothy M. McDuffey
tim@mcduffeylaw.com
ATTORNEYS FOR PLAINTIFF

2

IN THE CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI

RODRICK GOLDSBERRY,

            *Plaintiff,*

v.

R. TROY BARTON, D.O.,

and

RICHLAND MEDICAL CENTER, INC.

            *Defendants.*

Case No. 12CM-CC00196

## MOTION TO DISMISS BY RICHLAND MEDICAL CENTER

Pursuant to Missouri Rule of Civil Procedure 55.27(a)(1) and (6), Richland Medical Center, Inc. moves the Court to dismiss the Plaintiff's claim against it because:

1) Richland Medical Center is a Federally Qualified Health Center and, therefore, is eligible for coverage under the Federal Tort Claims Act and immunity from civil medical malpractice claims;

2) The Plaintiff has failed to exhaust his administrative remedies, which is a pre-litigation requirement under the Federal Tort Claims Act; and

3) Federal district courts have exclusive jurisdiction over claims under the Federal Tort Claims Act.

## Memorandum

Richland Medical Center is a Federally Qualified Health Center (FQHC) that receives grant funding from the United States Government pursuant to Section 330 of the Public Health Service Act and is supported by the Department of Health and Human Services Health Resources and Services Administration (HRSA). As a FQHC, Richland

Medical Center is operated for the purpose of providing comprehensive primary care, preventive care and related medical services, including essential ancillary and enabling services, to residents of the communities it serves, regardless of the patients' ability to pay.

The Federally Supported Health Centers Assistance Act of 1992 and 1995 granted medical malpractice liability protection through the Federal Tort Claims Act (FTCA) to HRSA-supported FQHCs. Under the Act, FQHCs and their employees are considered Federal employees immune from suit for medical malpractice claims while acting within the scope of their employment. As a result, the remedies provided under the FTCA are the exclusive means for resolving such tort claims against FQHCs and their employees. *Bogues v. United States*, 703 F. Supp. 2d 318, 319 (S.D.N.Y. 2010) (summarizing the statutory framework).[1] Federal district courts have exclusive jurisdiction over FTCA lawsuits. 28 U.S.C. § 1346.

One pre-filing requirement under the FTCA is exhaustion of administrative remedies. 28 U.S.C. § 2675. Any administrative claim must not only be filed but also decided by the time of suit. *McNeil v. United States*, 113 S.Ct. 1890 (1993) (requiring dismissal of FTCA suit when administrative claim was decided shortly after suit was

---

[1] Under § 224 of the Public Health Service Act of 1944 (the "PHSA"), the remedies provided under the FTCA are the exclusive means for resolving tort claims against employees of the Public Health Service acting within the scope of their employment. *See* 42 U.S.C. § 233(a). The Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"), Pub.L. No. 102–501, 106 Stat. 3268 (1992), amended § 224 of the PHSA to extend FTCA coverage to certain health centers that receive federal funding under § 330 of the PHSA, 42 U.S.C. § 254b, by authorizing the Department of Health and Human Services ("HHS") to "deem" them employees of the Public Health Service. *See* 42 U.S.C. § 233(g)-(n).

*Bogues*, 703 F. Supp. 2d at 319.

2

filed). Here, the Plaintiff filed a claim with the HRSA before filing this suit, but he did not wait for a decision. That administrative claim is still pending. Accordingly, the Plaintiff has failed to exhaust his administrative remedies.

Sovereign immunity bars any medical malpractice claim by the Plaintiff against a FQHC except one under the FTCA. But even viewing the Plaintiff's claim as a FTCA claim does not save it. It is in the wrong court. This Court lacks subject matter jurisdiction over FTCA claims. Only a federal district court may hear those. And even given jurisdiction, the Plaintiff's claim would still have to be dismissed because he failed to completely exhaust his administrative remedies before filing, a prerequisite to any FTCA claim.

## Conclusion

For the reasons above, Richland Medical Center asks the Court to dismiss the Plaintiff's claim against it.

Respectfully submitted,

SEIGFREID BINGHAM, P.C.

*Attorneys for Richland Medical Center, Inc.*

By: _____
Christopher M. McHugh (51260)
cmchugh@seigfreidbingham.com
2800 Commerce Tower
911 Main Street
Kansas City, Missouri 64105
T: (816) 421-4460
F: (816) 474-3447

Certificate of Service

On November 13, 2012, a copy of this entry was sent by e-mail to Timothy M. McDuffey at tim@mcduffeylaw.com.

By: _____
Christopher M. McHugh

IN THE CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI

| | |
|---|---|
| RODRICK GOLDSBERRY,<br><br>      Plaintiff,<br><br>v.<br><br>R. TROY BARTON, D.O. AND<br>RICHLAND MEDICAL CENTER,<br>INC.,<br><br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 12CM-CC00196 <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT RICHLAND MEDICAL CENTER, INC.

**COMES NOW,** Plaintiff, and propounds the following Interrogatories to be answered under oath by Defendant:

### INTERROGATORIES

1. The present address and phone number for Defendant, R. Troy Barton, his current employer, employer's address and telephone number.

ANSWER:

McDUFFEY LAW FIRM, L.L.C.

BY: _/s/_____
Timothy M. McDuffey, Mo. Bar #44189
Evan M. Porter, Mo. Bar #63168
Attorneys at Law
5754 Parkside Village Court
P.O. Box 368
Osage Beach, MO 65065
Phone: (573) 302-7211
Fax: (573) 302-7215
Email: tim@mcduffeylaw.com
Email: evan@mcduffeylaw.com

ATTORNEYS FOR PLAINTIFF

## DEFENDANT'S VERIFICATION OF INTERROGATORY ANSWERS

STATE OF _____ )
                                      ) ss
COUNTY OF _____ )

     I, _____, being of lawful age and first duly sworn state that I am a representative of Richland Medical Center, a party to the above-entitled action and have read the Interrogatories served upon it and the foregoing Answers to those Interrogatories are true according to the best of my knowledge, information and belief.

                                                        _____

     Subscribed and sworn to before me this _____ day of _____, 20\_\_\_\_.

                                                        _____
                                                                           Notary Public

My Commission Expires: _____